# Court of Appeals
# of the State of Georgia

ATLANTA,____May 13, 2016_____

*The Court of Appeals hereby passes the following order:*

## A16A1028. ALLEN v. WOOLDRIDGE.

This appeal was docketed on February 15, 2016. Appellant's brief and enumeration of errors were due on March 6, 2016. Appellant failed to file said documents and this Court issued an order hereby ordering appellant to file his enumeration of errors and brief no later than March 21, 2016.

Appellant filed his brief and enumeration of errors untimely on March 29, 2016. Moreover, upon our review of the brief, we find that appellant has failed to cite any legal authority, has not cited to any portion of the record, and has attached exhibits to the brief in violation of Court of Appeals Rules 24 (g) and 25 (a). Because appellant did not comply with this Court's order of March 10, 2016 and failed to follow this Court's Rules, this appeal is hereby ordered DISMISSED. See Court of Appeals Rules 7, 22 (a) and 23 (a).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*____05/13/2016____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

# In the Court of Appeals of Georgia

A16A1028. ALLEN v. WOOLDRIDGE.

MCFADDEN, Judge, concurring specially.

I respectfully disagree with most of the analysis of the order of dismissal. Because Appellant Eric Allen has now filed his brief and enumeration of errors, albeit untimely, we are without authority to dismiss merely on the basis of untimeliness. We are likewise without authority to dismiss as punishment for violation of our rules. Our authority to dismiss cases docketed here is constrained by the Appellate Practice Act.

> No appeal shall be dismissed or its validity affected for any cause nor shall consideration of any enumerated error be refused, except:
>
> (1) For failure to file notice of appeal within the time required as provided in this article or within any extension of time granted hereunder;
>
> (2) Where the decision or judgment is not then appealable; or
>
> (3) Where the questions presented have become moot.

OCGA § 5-6-48 (b). There is no ambiguity in that statute. And I am unaware of any repository of authority empowering us to defy it. See *Felix v. State*, 271 Ga. 534, 536-537 (523 SE2d 1) (1999).

I recognize that appeals filed in this court are frequently abandoned and must be disposed of. And I acknowledge that our Supreme Court and this court both routinely dispose of such cases with orders denominated as dismissals. But in light of OCGA § 5-6-48 (b), such dispositions must be understood, strictly speaking, to affirm on the basis of the appellant's failure carry its burden to show error. Having now filed a brief and enumeration of errors, Allen cannot be said to have abandoned his appeal. But I agree with the majority that Allen's failure to cite any legal authority or any portion of the record constitutes failure to carry his burden to show error. See Court of Appeals Rule 36 (providing for affirmance without opinion of case in which "[n]o reversible error of law appears and an opinion would have no precedential value.").

I note also that we have the power to punish litigants who willfully flout our rules. See OCGA § 15-1-3 (3); Court of Appeals Rule 7. But I would not exercise that power here.